**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| J. SARBOUKH, | : | |
| | : | |
| | : | Civil Action No. 15-451 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SARAH T. DAVIS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**LINARES**, District Judge:

Currently before the Court is the complaint of Plaintiff, J. Sarboukh, (ECF No. 1), and Plaintiff's application to proceed *in forma pauperis*. (Attachment 2 to ECF No. 1). Plaintiff's complaint purports to be a civil rights complaint brought pursuant to 42 U.S.C. § 1983. Based on the information contained in Plaintiff's application to proceed *in forma pauperis*, the Court finds that leave to proceed in this Court without prepayment of fees is authorized, 28 U.S.C. §1915, and will therefore order the Clerk of the Court to file Plaintiff's Complaint. As the Court grants Plaintiff's application to proceed *in forma pauperis*, the complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). As the Court finds that Plaintiff's complaint fails to comply with the requirements of Rule 8 of the Rules of Civil Procedure, the Court will dismiss Plaintiff's complaint without prejudice to the filing of an amended complaint within thirty (30) days.

## I.  BACKGROUND

Plaintiff is currently civilly committed at the Special Treatment Unit – Annex in Avenel, New Jersey.  He filed the instant complaint on January 20, 2015.  (ECF No. 1).  Plaintiff's complaint purports itself to be a civil rights complaint brought pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 2).  In the Complaint, Plaintiff names six defendants: Sarah Davis, who Plaintiff names as the Assistant Administrator of the facility in which he is committed; Kevin Boden, who Plaintiff alleges is the "Head of Internal Affairs"; J. Jones, apparently the "Head of Safety & Security" at the STU; Erica Brown Austin, who Plaintiff refers to as the "head" of his "treaters"; Curtis Austin, who Plaintiff alleges is a "convicted killer"; and Chante Brame Adams, who Plaintiff names as the "Director of Treators."[1]   (ECF No. 1 at 1).

The allegations against these Defendants in Plaintiff's complaint are handwritten, often illegible and unintelligible.  (ECF No. 1 at 4-6).  These allegations contain numerous illegible or obscured notes in the margins, and crossed or scribbled out writings.  (Id.).  The size of Plaintiff's writing varies wildly, often being too miniscule to be legible.  (Id.).  Plaintiff use of capitalization and punctuation also varies considerably between portions of the text, further hindering the Court's ability to understand his allegations.  (Id.).  Even where written in large enough text that some attempt can be made at discerning its meaning, the writing remains difficult to read and confusing.

Plaintiff's Complaint appears to arise out of an alleged "ADA violation" and the failure of staff at the STU to protect Plaintiff from another inmate, Defendant Curtis Austin.  (ECF No. 1 at 4).  Because of the illegible writing, the Court is unable to discern exactly what is the "ADA

---

[1] Plaintiff's caption also refers to all six defendants as employees of either the Department of Corrections or Department of Human Services and "Racist black[s]."

violation" about which Plaintiff complains.   Likewise, the Court cannot discern the nature of the apparent failure to protect complaint.   Plaintiff makes repeated references to anti-Semitic "hate crimes," allegations that Austin stabbed him, and alleges that there is a "racist black" double standard being applied to him.   From the few phrases that the Court can discern, Plaintiff appears to provide no information to how these allegations apply to Defendants other than Sarah Davis and Kevin Boden.   While Plaintiff's allegations directed at Ms. Boden are made up of his unintelligible allegations of double standards and claims of an "ADA violation," in regards to Boden, Plaintiff only legibly states that Boden "assured [Plaintiff] convicted killer Curtis Austin will be charged with Anti-Semitic 'hate crimes' of violence[.]"   What remains of the claims regarding these, and the remaining Defendants, is entirely unintelligible.

## II.  DISCUSSION

Under the Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. Rule Civ. P. 8(a)(2).   Each averment in a complaint must likewise be "concise and direct."  Fed. R. Civ. P. 8(e)(1).   A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8.   *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014).   A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).   Dismissal is proper, therefore, where a complaint is illegible, incomprehensible, or largely unintelligible.  *See id.*; *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (2007).   In dismissing an unintelligible complaint

pursuant to Rule 8, however, the Court must provide the party whose pleading is dismissed an opportunity to amend, therefore the appropriate action when faced with an unintelligible complaint is to dismiss the complaint without prejudice to the filing of an amended complaint. *Ruther*, 556 F. App'x at 92; *Moss v. United States*, 329 F. App'x 335, 336 (3d Cir. 2009); *Simmons*, 49 F.3d at 86-87.

Plaintiff's complaint is largely unintelligible.   Whatever claim Plaintiff may have against Defendants, that claim is so obscured by the confused, illegible, and often unintelligible writing which Plaintiff has submitted, that the Court cannot discern the true nature of Plaintiff's claims. As such, dismissal of Plaintiff's complaint is warranted under these circumstances. *Ruther*, 556 F. App'x at 92; *Simmons*, 49 F.3d at 86-87.   The Court will therefore dismiss the complaint without prejudice.   Plaintiff, however, shall be given leave to amend the complaint. *Ruther*, 556 F. App'x at 92; *Moss v. United States*, 329 F. App'x 335, 336 (3d Cir. 2009); *Simmons*, 49 F.3d at 86-87.


## III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and the complaint shall be filed.   As Plaintiff has failed to provide the necessary short and plain statement required by Rule 8, however, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE, and Plaintiff is given leave to file an amended complaint within thirty (30) days.   If Plaintiff chooses to file an amended complaint, that complaint should be either typewritten or legibly handwritten with no text written in the margins, and with the text of a size equivalent to a 12 point font size.   An appropriate order follows.

Hon. Jose L. Linares, U.S.D.J.

DATED: April 9, 2015